# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
### No. 4:09-CV-34

| | |
|---|---|
| ALICIA RICHARDSON, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **VERIFIED COMPLAINT** |
| ) | |
| ERIC M. BERMAN, P.C. ) | **JURY TRIAL DEMANDED** |
| CAROL HART ) | |
| LVNV FUNDING, LLC ) | |
| Defendants. ) | |

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692 *et seq*. which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The Plaintiff, Alicia Richardson, by and through her undersigned attorney, sues the Defendants, Eric M. Berman, P.C. (hereinafter "Defendant Berman"), Carol Hart (hereinafter "Defendant Hart"), and LVNV Funding, LLC (hereinafter "Defendant LVNV") and alleges and says as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the FDCPA in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5. Plaintiff Alicia Richardson is a natural person who resides in the City of Shannon, County of Robeson, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as defined in 15 U.S.C. § 1692a(3).

6. Defendant Berman is, upon information and belief, a professional corporation and a debt collection law firm operating from an office with a principal address of 500 West Main Street, Suite 212, Babylon, NY 11702-3035.

7. Defendant Berman maintains an office in North Carolina located at 2990 Bethesda Place, Ste. 603D, Winston-Salem, NC 27103.

8. Defendant Berman is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

9. Defendant Berman regularly attempts to collect consumer debts alleged to be due to another.

10. Defendant Berman was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

11. Defendant Hart is, upon information and belief, a debt collector operating from the office of Eric M. Berman, P.C. with an address of 500 West Main Street, Suite 212, Babylon, NY 11702-3035.

12. Defendant Hart is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

13. Defendant Hart regularly attempts to collect consumer debts alleged to be due to another.

14. Defendant Hart was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant LVNV is a corporation prganized under the laws of the State of Delaware with its principal office located at 625 Pilot Road Suite 2, Las Vegas, Nevada.

16. The state court complaint lists LVNV as being a "FOREIGN LIMITED LIABILITY CO. with offices located at 15 S. MAIN STREET, GREENVILLE, SC 29603".

17. Defendant LVNV is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

18. Defendant LVNV regularly attempts to collect consumer debts alleged to be due to another.

19. Defendant LVNV purchases defaulted debt.

20. Defendant LVNV was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

21. Defendant LVNV's status as a debt collector renders Defendant LVNV liable for Defendant Berman's and its employees' violations of the FDCPA.

## FACTUAL ALLEGATIONS

22. Plaintiff is a consumer or other person as that term is defined in 15 U.S.C. § 1692 a(3).

23. Defendants filed a debt collection lawsuit against Plaintiff in Robeson County District Court on March 5, 2008.

24. The alleged debt is a "consumer debt" as that term is defined by 15 U.S.C. § 1692 a(5).

*Initial Communication: Phone call on March 9, 2008*

25. After being served with the state court action, Plaintiff telephoned Defendant Berman and spoke to Defendant Hart on or about March 9, 2008.

26. Defendants failed to provide Plaintiff with the requisite notice of rights pursuant to 15 U.S.C. § 1692 g.

27. Upon information and belief, to the date of the filing of this lawsuit, Defendants have not supplied any statutory notification under 15 U.S.C. § 1692 g.

### *Filing a time-barred state action*

28. Upon information and belief, the date of last payment and/or charge to this account was February 16, 2005.

29. Defendant LVNV filed the state court action outside of North Carolina's three-year statute of limitations.

30. One of the purposes of the FDCPA is to protect even unsophisticated consumers who might pay a time-barred claim rather than assert the defense.

31. It is unconscionable and unfair to file time-barred collection suits.

### *Collections call May 1, 2008*

32. On or about May 1, 2008, Defendant Hart telephone Plaintiff requesting as to whether Plaintiff wanted to "work out" the issue.

33. Plaintiff reminded Defendant Hart that she had an attorney, as evidenced by the Answer filed in the state court proceeding.

34. Defendant Hart responded with words to the effect that she thought they had received it and that she would make a further note in the file in reference to Plaintiff's attorney.

### *Collections call June 19, 2008*

35. On or about June 19, 2008, despite having direct knowledge that the undersigned counsel represented Plaintiff, Defendant Hart again telephoned Plaintiff.

36. Defendant Hart left a voice mail message on Plaintiff's telephone.

37. Plaintiff transcribed the message as follows: "Alicia Richardson, this is Carol Hart of Attorney Eric Berman's office. You should contact me at 888-294-4490, ext. 4972, your case number is 285960."

38. Again, Defendant Hart failed to leave the statutory notification required pursuant to 15 U.S.C. 1692e(11).

39. Defendant Hart left a message capable of being heard by third parties.

### *Collections call July 15, 2008*

40. On or about June 19, 2008, despite having direct knowledge that the undersigned counsel represented Plaintiff in the state court action, Defendant Hart again telephoned Plaintiff.

41. Defendant Hart wanted to know if Plaintiff wanted to work out a payment arrangement or settlement.

42. Plaintiff asked why Defendant Hart was contacting her when she had an attorney.

43. Defendant Hart responded that she did not have any attorney contact information on file and that the judgment was going through because Plaintiff had been served.

44. Defendant Hart Defendant Hart failed to inform Plaintiff of the statutory notification required pursuant to 15 U.S.C. § 1692e(11).

### *Respondeat Superior Liability*

45. The acts and omissions of the individual debt collector named herein, and other debt collectors employed as agents by Defendants Berman and LVNV who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendants Berman and LVNV.

46. The acts and omissions by the individual debt collector named herein, and other debt collectors, were incidental to, or of the same general nature as, the responsibilities these

agents were authorized to perform by Defendants Berman and LVNV in collecting consumer debts.

47. By committing these acts and omissions against Plaintiff, the individual Defendants named herein and other debt collectors were motivated to benefit their principals, Defendants Berman and LVNV.

48. Defendant Berman is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees in their attempts to collect this alleged debt from Plaintiff.

49. Defendant LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection agents in their attempts to collect this alleged debt from Plaintiff.

50. Defendants' illegal collection efforts are highly upsetting for Plaintiff.

51. Plaintiff has suffered actual damages as a result of the illegal collection activities by these Defendants in the form of sleeplessness, anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as incurring legal fees and costs in defense of the state court action and this action.

52. Defendants' actions were in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(11), 1692f, 1692f(1) and 1692g, amongst others.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq*.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(11), 1692f, 1692f(1) and 1692g, amongst others.

56. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) from each and every Defendant; statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each and every Defendant; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant jointly and severally;

2. for an award of statutory damages of $1,000.00 per violation from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant jointly and severally;

4. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally; and

5. award such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 6th day of March, 2009.

MARTIN ATTORNEY AT LAW, PLLC


By: /s/ Angela O. Martin
    Angela O. Martin, Esq.
    NC Bar 34951
    Attorney for Plaintiff
    Martin Attorney at Law, PLLC
    1911 Keller Andrews Road
    Sanford, North Carolina 27330
    (919) 708-7477, FAX: (888) 872-4232
    angela@angelamartinlaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NORTH CAROLINA )
)
COUNTY OF CUMBERLAND )

Plaintiff Alicia Richardson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the costs of litigation to Defendants.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

_____
Alicia Richardson

Subscribed and sworn to before me
this 6M day of ~~January~~ March, 2009.

_____
Notary Public

A. GREG MARTIN
NOTARY PUBLIC, STATE OF NORTH CAROLINA
LEE COUNTY
COMMISSION EXPIRES 9/28/2013