RECEIVED APR 1 3 2009 DENNIS P. IAVARONE-CLERK US DISTRICT COURT, EDNC

FILED APR 2 3 2009 DENNIS P. IAVARONE, CLERK US DISTRICT COURT, EDNC BY ___ DEP CLK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Southern Division

------------------------------------X

ALICIA RICHARDSON,

                         Plaintiff,

- against-

ERIC M. BERMAN, P.C.,
CAROL HART,
LVNV FUNDING, LLC.,

                         Defendants.

------------------------------------X

Index No.: 709-CV-00035-BO

AMENDED ANSWER
AND COUNTERCLAIM

Our file no. 285960

Defendants, ERIC M. BERMAN, P.C., CAROL HART, and LVNV FUNDING, LLC, by Amanda Wineman, Esq., attorney for Defendants, as and for their Answer to Plaintiff's Complaint, allege as follows.

## I. JURISDICTION AND VENUE

1. Defendants admit that this Court has subject matter jurisdiction over this matter under 28 U.S.C. 1331.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit that this matter is brought in the proper venue, but deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint

## II. PARTIES

5. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

-1-

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegation contained in Paragraph 9 of the Complaint.

10. Defendants state that the allegation contained in Paragraph 10 of the Complaint is a legal conclusion which is not subject to denial or admission, but to the extent a response is necessary, Defendants admit the allegation contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants state that the allegation contained in Paragraph 14 of the Complaint is a legal conclusion which is not subject to denial or admission, but to the extent a response is necessary, Defendants deny the allegation contained in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendants respond to the allegations contained in Paragraph 17 by admitting that Defendant LVNV FUNDING, LLC collects debt from North Carolina consumers through use of the North Carolina State Court system.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants state that the allegation contained in Paragraph 21 of the Complaint is a legal conclusion which is not subject to denial or admission, but to the extent a response is necessary Defendants deny the allegations contained in Paragraph 21 of the Complaint

-2-

Case 7:09-cv-00035-BO   Document 11   Filed 04/23/09   Page 2 of 10

## III. FACTUAL ALLEGATIONS

22. Defendants state that the allegation contained in Paragraph 22 of the Complaint is a legal conclusion which is not subject to denial or admission, but to the extent a response is necessary, Defendants deny the allegation contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint to the extent that Defendant Eric M. Berman, P.C., filed a lawsuit on behalf of Defendant LVNV FUNDING, LLC, against Plaintiff on March 5, 2008, in Robeson County District Court.

24. Defendants state that the allegation contained in Paragraph 24 of the Complaint is a legal conclusion which is not subject to denial or admission, but to the extent a response is necessary, Defendants admit the allegation contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint to the extent that the language contained in the FDCPA does not reference the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint. Defendants were not served with an Answer to the State Court Action filed in Robeson County. Said Answer was served upon the law form of Smith Debnam Narron Wyche Saintsing & Myers, L.L.P. due to the mistake of Plaintiff's attorney.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint to the extent that Defendants were not served with an Answer to the State Court Action filed in Robeson County. Said Answer was served upon the law form of Smith Debnam Narron Wyche Saintsing & Myers, L.L.P. due to the mistake of Plaintiff's attorney.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint to the extent that Defendants were not served with an Answer to the State Court Action filed in Robeson County. Said Answer was served upon the law form of Smith Debnam Narron Wyche Saintsing & Myers, L.L.P. due to the mistake of Plaintiff's attorney.

41. Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43. Defendants admit the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants state that the allegations contained in Paragraph 45 of the Complaint are legal conclusions which are not subject to denial or admission, but to the extent a response is necessary, Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants state that the allegations contained in Paragraph 46 of the Complaint are legal conclusions which are not subject to denial or admission, but to the extent a response is necessary, Defendants deny the allegations contained in Paragraph 46 of the Complaint..

47. Defendants state that the allegations contained in Paragraph 47 of the Complaint are legal conclusions which are not subject to denial or admission, but to the extent a response is necessary, Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants state that the allegations contained in Paragraph 48 of the Complaint are legal conclusions which are not subject to denial or admission, but to the extent a response is necessary, Defendants deny the allegations contained in Paragraph 48 of the Complaint..

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants state that the allegation contained in Paragraph 53 of the Complaint is a legal conclusion which is not subject to denial or admission.

54. Defendants incorporate by reference all of the above paragraphs of this Answer as though fully stated herein.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. The Complaint herein fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendants, and further fails to state facts sufficient to entitle Plaintiff to the relief sought or to any other relief whatsoever from Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE.

58. If any of the alleged violations actually occurred, it was unintentional and the result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE.

59. Plaintiff has not suffered any damage or injury as a result of any action on the part of Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE.

60. This action should be dismissed upon the grounds of lack of personal jurisdiction in that Defendants were not properly served with the pleadings as set forth under the applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. Defendants were not served with Plaintiff's (as Defendant) Answer in the State Collection Action entitled "LVNV Funding , LLC v. Alicia Richardson", filed on March 5, 2008, in Robeson County District Court at Case No. 08 CVD 807, as alleged by Plaintiff.

62. On March 20, 2009, at a hearing before the Robeson County District Court, the Judge held that service had never been made on Defendants and requested that an Order be drafted stating that the Answer was deemed to be served on the date of the hearing, March 20, 2009, so that the matter could be adjudicated on its merits.

63. All allegations concerning telephone calls made to Plaintiff which Plaintiff alleged should have been made to Plaintiff's Attorney after the alleged service of the Answer are invalid and void as a matter of law, if such allegations place the date of service at any date prior to March 20, 2009.

64. All allegations that Defendants had proof that Plaintiff was represented by Counsel and despite that proof, Defendants made telephone calls directly to Plaintiff instead of Plaintiff's Counsel, are invalid and void as a matter of law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

65. Plaintiff had knowledge of and was fully aware of the identity of Defendants and the purpose of the telephone calls and messages alleged in the Complaint.

66. Defendants sent Plaintiff the validation notice required by 15 U.S.C. 1692g on July 23, 2007.

67. All telephone calls alleged to have been made to Plaintiff and all telephone messages alleged to have been left for Plaintiff clearly identified the caller and purpose of the call as required by applicable law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

68. Plaintiff has failed to provide proof of any kind that a third party heard any of the alleged telephone calls or messages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

69. Plaintiff's alleged injuries were not caused by Defendants, but by independent intervening causes which had no relation in fact to any conduct of Defendants, including but not limited to the failure of Plaintiff's Attorney to properly serve Plaintiff's (Defendant in the State Court Action) Answer in the State Court Action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

70. Plaintiff failed to mitigate any damages which she may have suffered.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

71. Defendants acted in good faith at all times.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

72. Plaintiff has filed the instant action to gain leverage in the underlying State Court debt collection action, which such act is against public policy.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

73. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

74. Plaintiff's Complaint is barred by the applicable statutes of limitations.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

75. The determination of elements of causes of action and affirmative defenses thereto in the State Court Action, including the statute of limitations, are more properly before the State Court and should be referred to that Court for adjudication.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

76. Defendants acted reasonably and with due care at all times relevant to this action.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

77. Defendants reserve the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

-8-

## AS AND FOR A FIRST COUNTERCLAIM

78. Defendant repeats, re-iterates and re-alleges all statements set forth in Paragraphs 1 through 77 hereof as if fully reprinted herein.

79. Plaintiff's action is frivolous as defined in law, and accordingly, Defendants are entitled to all damages as a result thereof, in a sum to be determined by the trier of fact, but not less than the sum of $100,000.00.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiff's Complaint, and on its First Counterclaim in the sum of $100,000.00, with costs, disbursements and attorney's fees in defending this action, and for such other and further relief as the Court may deem just and proper.

Dated: April 10, 2009

Respectfully submitted,

AMANDA WINEMAN, ESQ.
Attorney for Defendants
Eric M. Berman, P.C., Carol Hart and
LVNV Funding, LLC

By: Amanda Wineman, Esq. (34284)
2990 Bethesda Place, Suite 603D
Winston Salem, NC 27103
336.717.7300

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2009, I served the foregoing by mailing and faxing a copy to each of the following persons at the last known address and fax number set forth after each name:

Angela O. Martin, Esq.
Attorney for Plaintiff
Martin Attorney at Law, PLLC
1911 Keller Andrews Road
Sanford, NC 27330

888-872-4232 Fax

Amanda Wineman, Esq.
Attorney for Defendants
2990 Bethesda Place, Suite 603D
Winston Salem, NC 27103
336.717.7300